## SHIPPEN v. BOWEN.

*(Circuit Court, D. Colorado. February, 1883.)*

DECEIT—PLEADING AND PROOFS—SCIENTER.

Under a declaration *ex delicto*, charging that defendant, to induce plaintiff to purchase certain bonds, represented them to be genuine and valid, whereas they were in fact worthless forgeries, there can be no recovery except upon proof that defendant knew them to be forgeries, or that he expressly represented them to be genuine.

At Law. Action of deceit.

McCRARY, J. Although this case was tried before the district judge, at his request, and with the consent of the parties, the motion for a new trial has been submitted to me. It is an action *ex delicto* in the usual form of a declaration for deceit. The complaint charges that, to induce plaintiff to purchase certain bonds, the defendant represented that they were genuine and valid bonds, whereas, in truth and in fact, they were worthless forgeries. The court charged the jury that it was necessary for plaintiff to show that the defendant, at the time of the sale of the bonds to plaintiff, misrepresented the facts concerning their genuineness. In other words, the court was of the opinion, and so charged the jury, that plaintiff could not recover in this action by merely proving a sale of the bonds to him by defendant, and that the bonds were forgeries. It was held to be necessary to prove knowledge on the part of the defendant of the forged character of the bonds, or an express misrepresentation concerning the fact of their genuineness. The counsel for plaintiff insists that in such a case as this no *scienter* need be alleged, nor, if alleged, need be proved. I am unable to concur in the soundness of this

proposition. The contention of the plaintiff's counsel is that, because the mere sale of the bonds rendered the seller liable upon an implied warranty of their genuineness, he is equally liable for an implied tort. But this argument fails to note the distinction between an action upon an implied contract of warranty of the genuineness of the bonds sold and an action for deceit or misrepresentation sounding in tort. It is impossible to conceive the idea of a tort as separate and apart from an intentional wrong and injury, or such negligence or other misconduct as necessarily to imply such wrong or injury. A *scienter* is the very gist of a tort. To say that one may recover in tort without proving a *scienter*, is to say that he may omit from his proof the chief element of his case. No doubt there may be cases of express warranty upon which an action of tort may be founded. Of such a character was the case of *Schuchardt* v. *Allens*, cited by the plaintiff's counsel, reported in 1 Wall. at page 359. That was an action for false warranty of the quality of personal property sold by the defendant to the plaintiff; and it was held to be enough for the plaintiff to prove the warranty, and that it was false, without proof of a *scienter*. There are doubtless numerous cases to be found in the books in which it is asserted that the holder of negotiable paper, by the mere fact of offering it for sale, confirms its genuineness, and represents that it is duly executed, as it purports to be. But this is not the sort of confirmation or misrepresentation that amounts to a tort. It is a misrepresentation within the meaning of the law of contracts; and in the purview of that law it is immaterial whether it be true or false, because there is an implied contract. It is not, however, a false representation, within the meaning of the law of torts, upon which an action *ex delicto* can be maintained. I do not think that any of the cases cited by plaintiff's counsel support the proposition that it is not necessary to prove intent to injure or defraud in such a case as the one now under consideration. A party cannot be guilty of a tort, within the proper signification of that term, who is innocent of all intent to injure or defraud. If the present plaintiff, after his purchase of the bonds in question from defendant, and in perfect ignorance of their fraudulent character, believing them to be valid and genuine, had in good faith sold them to a third party, he would have been liable upon the contract because of the warranty of genuineness which the law implies, but not, in my judgment, in tort, for having knowingly, intentionally, and willfully injured and defrauded the party to whom he sold. Such being my view of the law, the motion for a new trial must be overruled, and it is so ordered.